IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JIANG PING LIN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | 18-cv-6848 |
| | ) ) ) | Judge Jorge L. Alonso Magistrate Judge Young B. Kim |
| MONDA WINDOW & DOORS SYSTEMS, et al. | ) ) ) | |
| Defendant. | ) | |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

The parties, plaintiff Jiang Ping Lin and defendants Monda Window & Door, Corp., d/b/a

Monda Windows & Doors, Ribiao Wang a/k/a Ri Biao Wang a/k/a Denis Wang, Min Ouyang,

a/k/a Mindy Ouyang, and Elias Abubeker, move the Court to enter an order approving their

Settlement Agreement (Exhibit A, attached) and dismissing plaintiff's Amended Complaint

without prejudice, to convert to a dismissal with prejudice on April 27, 2020, unless any party

files a motion to reinstate before that date.

## Facts and Procedural History

Plaintiff Jian Ping Lin filed his original complaint in the U.S. District Court for the

Eastern District of New York on June 21, 2017, naming Elias Abubeker, Dancy Lin, Monda

Window & Door Mfg. Ltd., Monda Window & Door Systems, Inc., Monda Window & Door,

Corp., Min Ouyang, Denis Wang, Ribiao Wang, and Wonda LLC as defendants. [ECF No. 1].

The complaint alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA"), the New York Labor Law ("NYLL"), the Illinois Minimum Wage Law, 820 ILCS

105/1, *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et*

seq. ("IWPCA"). Plaintiff brought the case as an FLSA collective action and as a class action for his New York and Illinois state law claims.

The complaint alleged that Monda Window & Door Systems, Inc., a New York corporation, Monda Window & Door, Corp., an Illinois corporation, and Wonda LLC, a New York limited liability company, were together an "enterprise" for the purposes of the FLSA, NYLL, and the IMWL. The complaint identified the individual defendants as officers, directors, managers, members and/or owners of the corporate entities. Plaintiff alleged that he worked as a window frame welder at the New York companies' facility in Corona, New York in 2004, and at the Illinois corporation's facility in Chicago from 2004 to 2006, and again in 2016. He alleged minimum wage and overtime violations under the FLSA, the NYLL, and the IMWL. He also alleged several state law notice and recordkeeping violations. Plaintiff sought declaratory relief, an injunction, damages for minimum wage and overtime pay backpay, liquidated damages, reinstatement, New York state law penalties, attorneys' fees, expert fees, prejudgment and post-judgment interest, and costs.

On September 14, 2018, the District Court entered an order approving the magistrate judge's report and recommendations, and dismissed Plaintiff's claims against Dancy Lin, any claims originating before June 21, 2011, and the New York Labor Law claims against all defendants. [ECF No. 28]. On October 9, 2018, the Court entered a stipulation and order of voluntary dismissal, dismissing Monda Window & Door Systems, Inc. and Wonda LLC. [ECF No. 34]. The Court then entered an order granting Plaintiff's motion to change venue to this Court. [ECF No. 35, and two unnumbered entries which follow].

In this Court, Defense counsel appeared on behalf of defendants Monda Window & Door, Corp., Abubeker, Ribaio and Ouyang after they were served, and on May 21, 2019,

Plaintiff amended his complaint, which alleged claims against Abubeker, Monda Window Mfg. Ltd., Monda Window & Door, Corp., Ouyang, Ribiao Wang and Denis Wang (who is the same person as Ribiao). [ECF No. 83]. Monda Window Mfg. Ltd. did not appear. The defendants who had appeared and were represented filed their answer to the amended complaint on June 24, 2019. [ECF 91].

Defendants' answer to the amended complaint denied Plaintiff's allegations generally, and raised the statute of limitations, the good faith exception to liquidated damages, and a duty-free lunch period as affirmative defenses, as well as defenses to the certification of the case as a collective or class action. [ECF No. 91]. Defendants disputed that Plaintiff could be considered an employee by the individual defendants, and deny that there is any affiliation with Monda Window & Door Mfg. Ltd., which has not appeared in this litigation.

The District Court referred the case to the Magistrate Judge for supervision of discovery. [ECF Nos. 93, 94]. During discovery, the parties also engaged in settlement negotiations, and have reached an agreement to resolve the case. Plaintiff has not filed a motion for certification, conditional or otherwise, of this litigation for class treatment, and no other individuals have opted in.

## Legal Analysis

In support of the FLSA's purpose and policy, when an employee files suit against an employer to recover unpaid minimum wage and overtime pay compensation, the parties must present a proposed settlement to the district court for review and approval. *See Lynn's Food Stores v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982). In reviewing a proposed settlement, the district court is required to determine that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id* at 1355; *Salcedo v. D'Arcy Buick*

*GMC, Inc.*, 227 F. Supp. 3d 960 (N.D. Ill. 2016). The settlement before this Court is fair and adequate to all the parties.

A bona fide dispute exists with regard to the number of hours per week Plaintiff worked while employed by Monda, and the number of pieces defendant produced once he converted to compensation based on piecework. A dispute exists regarding whether time was deducted from Plaintiff's hours for lunch breaks. Also, neither side has identified other, similarly situated employees that would support treating plaintiff's claims as a representative action.

When an FLSA settlement reflects a reasonable compromise over actually disputed issues, such as FLSA coverage or computation of back wages, the district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Defendants initially proposed a settlement based on a calculation of owed wages significantly lower that that contemplated by Plaintiff, so in an effort to compromise, defendants significantly increased the back pay component of their offer, also incorporating amounts representing liquidated damages and Plaintiff's attorneys' fees, which Plaintiff has accepted.

The settlement is for $10,000, to be paid ten days after court approval of the settlement. Of that amount, Plaintiff's attorneys' fee is $2,665.97 and court costs are $2,002.10.

The settlement takes into account the substantial risks inherent in the litigation of a wage and hour dispute and the defenses asserted by Defendants. The settlement considers the possibility that Plaintiff may not prevail at trial in light of Defendants' contention that Plaintiff cannot establish that he worked the number of hours he claims. *See Lee v. The Timberland Co.*, 2008 U.S. Dist. LEXIS 108098 at *6 (N.D. Cal. June 19, 2008) (finding that where the parties acknowledge the relative difficulty of proving precisely how many overtime hours actually were worked, settlement and early resolution may reflect a more reasonable compromise); *Brask v*

4

*Heartland Automotive Servs., Inc.*, 2006 U.S. Dist. LEXIS 101492 at **4-5 (D. Minn. Aug. 15, 2006) ("The primary consideration in determining whether a settlement is fair and reasonable is the strength and nature of the claim in light the possible defenses.").

      The parties agree that the settlement reflects a reasonable compromise of their assessment of Plaintiff's claims. The benefits of resolution outweigh the risks of protracted, unpredictable litigation. *See In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (settlement is a compromise, exchanging highest hopes for certainty and resolution). Normally, a settlement is approved when it is the product of contentious, good faith, arm's-length negotiations, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the possibility of additional relief after extended, expensive litigation. *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990 (N.D. Ind. 2010). The parties are represented by competent counsel who are experienced in wage/hour litigation, negotiations took place at arms' length, and the parties have executed a negotiated settlement agreement.

      WHEREFORE, the parties respectfully request that the Court grant this Joint Motion To Approve Settlement Agreement, and that the Court dismiss this case without prejudice, to convert to a dismissal with prejudice on April 27, 2020, unless either party files a motion to reinstate on or before that date.

Respectfully submitted,

| | |
|---|---|
| s/ John Troy | s/ Andrew H. Haber |
| One of Plaintiff's Attorneys | One of Defendants' Attorneys |
| | |
| John Troy | Dennis R. Favaro |
| johntroy@troypllc.com | dfavaro@favarogorman.com |
| Aaron Schweitzer | Andrew H. Haber |
| johntroy@troypllc.com | ahaber@favarogorman.com |
| Troy Law, PLLC | Favaro & Gorman, Ltd. |

41-25 Kissena Blvd.
Suite 103
Flushing, NY 11355
(718) 762-1324

James A. Hasier
Law Office of James A. Hasier
55 West Wacker
Suite 1400
Chicago, Illinois 60601
(312) 401-1387
*jhasier@jhasierlaw.net*

835 Sterling Avenue
Suite 100
Palatine, Illinois 60067
(847) 934-0060

6

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered between Jian Ping Lin ("Plaintiff"), and Monda Window & Door, Corp., d/b/a Monda Windows & Doors, Ribiao Wang a/k/a Ri Biao Wang a/k/a Denis Wang, Min Ouyang, a/k/a Mindy Ouyang, and Elias Abubeker (collectively "Defendants"). Plaintiff and Defendants may be collectively referred to herein as the "Parties." Plaintiff is the named plaintiff in the complaint filed in the Northern District of Illinois, Eastern Division, Case No. 1:18-cv-06848 (the "Case"), alleging violations of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA") on behalf of himself, and on behalf of similarly-situated employees against the Defendants. The Parties desire to settle any and all controversies and disputes between them and agree to the terms and conditions set forth below in order to avoid the time, expense, and risk of further litigation. In consideration of the foregoing premises and for other good and valuable consideration (the sufficiency of which is hereby acknowledged by all of the Parties), it is hereby covenanted and agreed by and among the Parties hereto as follows:

## A. Settlement Payment

1. Defendant's counsel shall draft, file, and set for presentment a motion for Court approval of this Agreement as an FLSA individual action. Payment is conditioned upon the Court's approval of this Agreement, and Plaintiff shall not oppose said motion for Court approval.

2. Within ten days after court approval of this Agreement, Defendants shall deliver the total amount of Ten thousand and no/100 Dollars ($10,000) to Troy Law, 41-25 Kissena Blvd., Flushing, NY 11355.

3. Any payment received by Troy Law shall be deemed received by Plaintiff.

4. Plaintiff shall complete an IRS Form W-9 and deliver to Defendants' counsel.

## B. General Release of Claims

In consideration of the payment and the promises made by or on behalf of Defendants, Plaintiff, individually, and for any heirs, beneficiaries, executors, administrators, attorneys, agents, successors and assigns, hereby releases and forever discharges all Defendants from all manner of wage-and-hour related claims, obligations, actions, cause and causes of action, suits, claims through the Department of Labor or any other administrative agency, debts, sums of money, payments, accounts, accountings, reckonings, covenants, controversies, agreements, promises, damages, judgments, executions and demands, whatsoever, in law or in equity, that is raised or could have been raised in the Complaint between Defendants and Plaintiff, arising at any time prior to the date hereof which Plaintiff now has against or ever had against or which Plaintiff can, shall, or may have for, upon, or by reason of any matter, cause or thing, whatsoever on or at any time before the date of this Agreement, including, but not limited to all claims alleged by the Plaintiff in the Case and all claims which could be brought under the FLSA,



IMWL, and IWPCA, the Illinois Minimum Wage Law; the Illinois Wage Payment and Collection Act;.

### C.  Informed and Meaningful Waiver Pursuant to the FLSA

The Parties hereby represent that the total sum paid by Defendants to Plaintiff and Plaintiff's counsel under the terms of this Agreement is settlement of a bona fide dispute as to an amount of compensation due to Plaintiff. Plaintiff hereby acknowledges that the above sum compensates Plaintiff for all amounts possibly recoverable in the Case as against Defendants, including minimum wages, overtime wages, back pay, liquidated damages, and all possible penalties under the FLSA, IMWL, and all attorney's fees and costs.

### D.  Voluntary Dismissal

Plaintiff hereby stipulates and consents to the dismissal of all claims with prejudice upon receipt of the payment in full as outlined in Paragraph A. Plaintiff's motion for Court approval shall request the Court's dismissal of this matter without prejudice, and an automatic conversion to a dismissal with prejudice twenty-one days after the delivery of the settlement amount identified in Section A.2, unless any party files a motion to reinstate on or before that date.

### E.  Non-Disparagement

In further consideration of this Agreement, the Parties, for themselves, their heirs, beneficiaries, executors, administrators, attorneys, agents, successors, and assigns agree that iif asked to provide any information about the Case or the outcome to parties other than those listed in this Paragraph, the Parties agree to state only, "the matter was resolved."   Defendants shall not make any negative or disparaging comments about Plaintiff which may tend to impugn or injure Plaintiff's reputation or relationships with present or future employers. The Plaintiff shall not make any negative or disparaging comments about Defendants which may tend to impugn or injure their reputation, good will, or relationships with their past, present, or future customers, employees, vendors, or the business community generally. Nothing in this Agreement shall prohibit Plaintiff or Defendants from providing accurate information to any court or governmental entity, or to any person or organization, in response to legal process or as otherwise required by law.

### F.  No Admission of Wrongdoing

It is understood and agreed that the Settlement Payment represents the settlement of disputed claims and that Defendants do not, in any manner, by virtue of said payment, admit liability to anyone as a result of any facts or claims asserted in the Case.

### G.  Covenant Not to Sue; Defense Against Future Claims

Plaintiff agrees not to bring any released claim or action against any Defendant subject to this Agreement. It is expressly understood and agreed by Plaintiff that this Agreement may be pled as a complete defense to, and in bar of, any action or proceeding brought, maintained or

conducted by Plaintiff against any Defendant in connection with or on account of any of the matters released herein.

**H. Jurisdiction and Forum**

This Agreement shall be governed and construed in accordance with the laws of the State of Illinois. Any action arising out of this Agreement shall be brought in the United States District Court for the Northern District of Illinois, Eastern Division.

**I. Binding on Successors**

This Agreement shall be binding upon the Parties hereto and their respective successors in interest, heirs, personal representatives and assigns.

**J. Capacity and Authority**

Each Party entering into this Agreement hereby represents and warrants that it has the capacity and authority to do so, and that no third party has rights that could affect the validity or legality of this Agreement. In particular, Plaintiff has not assigned his or her claims to any other person or entity.

**K. Entire Agreement**

This Agreement contains the entire agreement between the Parties hereto. No Party has relied on any other or separate agreement that is not specifically included herein.

**L. Original**

This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same document. Further, in accordance with the Illinois Electronic Commerce Security Act, 5 ILCS 175/5-120 *et seq*., the signature by or on behalf of either party to this Agreement shall be effective when the party has signed this Agreement or a copy of it and has sent a copy of the signed document to the other party by facsimile, email, or other means.

**M. Court Retains Jurisdiction to Enforce Agreement**

Until the Case is dismissed with prejudice, the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, to the extent permitted by law, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

**N. No Re-employment / Re-Application**

The Plaintiff agrees not to seek any future employment or work with or for Defendants. Plaintiff agrees that this Agreement constitutes a legitimate, non-discriminatory, and non-retaliatory reason for the termination of any future employment or the rejection of any application for future employment by Plaintiff.

**Accepted:**

By: _____
  Jian Ping Lin, Plaintiff

Monda Window & Door, Corp.

By: _____
  Elias Abubeker, its President

By: _____
  Elias Abubeker, Individually

By: _____
  Ribiao Wang, a/k/a Ri Biao Wang
  a/k/a Denis Wang

By: _____
  Min Ouyang, a/k/a Mindy Ouyang

The Plaintiff agrees not to seek any future employment or work with or for Defendants. Plaintiff agrees that this Agreement constitutes a legitimate, non-discriminatory, and non-retaliatory reason for the termination of any future employment or the rejection of any application for future employment by Plaintiff.

**Accepted:**

By: _Ri Biao Wang_
Jian Ping Lin, Plaintiff

Monda Window & Door, Corp.

By: _____
Elias Abubeker, its President

By: _____
Elias Abubeker, Individually

By: _____
Ribiao Wang, a/k/a Ri Biao Wang
a/k/a Denis Wang

By: _____
Min Ouyang, a/k/a Mindy Ouyang

Page 4 of 5